IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY A. HOUSE, </br> Plaintiff, | ) </br> ) Civil Action No. 7:07-cv-00270 </br> ) |
| v. | ) MEMORANDUM OPINION </br> ) |
| A. W. STRICKLAND, et. al., </br> Defendant(s). | ) By: Hon. James C. Turk </br> ) Senior United States District Judge |

Plaintiff Rodney A. House, a federal inmate proceeding pro se, brings this action as a "Motion for TRO and Preliminary Injunction." Because House sues federal prison officials for violations of his constitutional rights, the court also construed and filed his pleadings as a civil rights complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

House alleges that the defendants, officers at the United States Penitentiary in Lee County, Virginia, violated his rights by opening two items of his legal correspondence outside his presence on April 24, and May 9, 2007. He also asserts that he was "locked down" in a segregation unit for a disciplinary infraction "without disciplinary procedures process within practicable time."

In Bivens, the Supreme Court held that damage suits could be maintained against federal officials for violations of the Constitution. 403 U.S. at 392. An action under Bivens is almost identical to an action under §1983, except that the former is maintained against federal officials for

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

violation of constitutional rights while the latter is against state officials. See Carlson v. Green, 446 U.S. 14, 2425 (1980); Butz v. Economou, 438 U.S. 478, 504 (1978).

Inmates have a guaranteed right to reasonable access to both state and federal courts and to communication with attorneys. Ex parte Hull, 312 U.S. 456 (1941). To state a claim that prison officials have interfered with his right to access the courts, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from officials' actions. Lewis v. Casey, 518 U.S. 343 (1996). State officials cannot be held liable under § 1983 for negligent actions related to legal mail which interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995).

A prisoner has no constitutionally protected liberty interest in remaining in a particular housing assignment. See Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Confinement does not strip the inmate of all of his liberty interests, however. Id.

> These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995); Ajaj v. Smith, No. 03-7874, 108 Fed. Appx. 743, *1, 2004 WL 1663968 (4th Cir. 2004) (finding Bivens claim of due process denial was properly dismissed under Sandin) (unpublished). Changes "in a prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343.

Under these principles, House's allegations fail to state any claim on which he is entitled to

relief under Bivens. First, he does not allege that he had any litigation efforts pending at the time officers allegedly opened his legal mail outside his presence or if so, that he suffered any specific harm to his litigation as a result of the defendants' actions. Accordingly, he fails to state any constitutional claim arising from the incidents with his legal mail.

Second, he does not allege that when he was placed in segregated confinement, he underwent a change in living conditions that imposed any atypical hardship on him. Thus, he fails to demonstrate that he had any protected liberty interest in avoiding such a transfer or that he had any constitutional right to procedural protections before the transfer was effected.

As the court cannot find that plaintiff's allegations state any constitutional claim, his complaint must be dismissed, pursuant to §1915A(b)(1). An appropriate order shall be entered this day. Moreover, as House has not alleged facts demonstrating that he is being deprived of any constitutionally protected right, the court cannot find that interlocutory injunctive relief of any kind is warranted in this case. The court will deny House's motion for "TRO and preliminary injunction accordingly.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of May, 2007.

/s/ James C. Turk
Senior United States District Judge